J-S28027-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GARY WAYNE URYC | : | |
| | : | |
| Appellant | : | No. 701 MDA 2022 |

Appeal from the PCRA Order Entered April 11, 2022
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0000051-2012,
CP-36-CR-0005370-2010

BEFORE:  OLSON, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY McLAUGHLIN, J.:         **FILED: JANUARY 3, 2023**

Gary Wayne Uryc appeals *pro se* from the order denying his third Post

Conviction Relief Act ("PCRA") petition. *See* 42 Pa.C.S.A. §§ 9541-9546. We

affirm.

In May 2012, a jury found Uryc guilty of two counts of involuntary

deviate sexual intercourse ("IDSI"), one of which was a count of IDSI with a

child; one count of incest; two counts of indecent assault; one count of

corruption of minors; and two counts of felony intimidation of a witness of the

victim.[1] On August 28, 2012, the court determined that Uryc was a Sexually

Violent Predator ("SVP") and imposed an aggregate sentence of 32–64 years'

imprisonment. Uryc filed a post-sentence motion, which was denied. He

---

[1] 18 Pa.C.S.A. §§ 3123(a)(1) & (b), 4302, 3126(a)(7), 6301(a)(1) and
4952(a)(3), respectively.

appealed, and we affirmed his judgment of sentence. **Commonwealth v. Uryc**, No. 1786 MDA 2012, 2014 WL 10979734, at *1 (Pa.Super. filed March 4, 2014) (unpublished mem.). Uryc did not petition the Pennsylvania Supreme Court for allowance of appeal.

Uryc filed the instant PCRA petition, *pro se*, on November 17, 2021. He then filed multiple *pro se* amendments to the petition on November 29, 2021, and on January 4, 9, 17, 18, 23, and 31, 2022. The PCRA court issued a notice of intent to dismiss the petition and thereafter, dismissed the petition. This appeal followed.[2] Uryc raises the following issues:

1. Are the sentencing issues valid in light of the facts?

2. Did the PCRA court commit an error or abuse its discretion in dismissing an uncounseled petition when this petitioner invoked newly discovered facts by way of controlling [precedent] case law procedural right to effective PCRA counsel?

3. Should [Uryc] receive a new trial when prejudice existed before[,] during and after voir dire?

4. Was counsel ineffective for failing to cross[-]examine Officer Snaders elicit testimony during trial?

5. Did the lower court err or abuse its discretion by not ordering a psychological evaluation due to the court appointment of counsel via a public defender?

6. W[as] the fundamental fairness of the court proceedings [a]ffected when corroborating testimony and exculpatory

---

[2] Uryc's notice of appeal improperly listed two unconsolidated Common Pleas Court docket numbers. We will disregard the error because the order from which he has appealed advised him of his rights in "an appeal," in the singular. **See Commonwealth v. Stansbury**, 219 A.3d 157, 161 (Pa.Super. 2019).

evidence was withheld from the jurors in violation of ***Brady***/***Bracey***?

Uryc's Br. at 4.

On appeal from the denial or grant of relief under the PCRA, our review is limited to determining "whether the PCRA court's ruling is supported by the record and free of legal error." ***Commonwealth v. Presley***, 193 A.3d 436, 442 (Pa.Super. 2018) (citation omitted).

"Under the PCRA, any petition for relief, including second and subsequent petitions, must be filed within one year of the date on which the judgment of sentence becomes final." ***Commonwealth v. Greco***, 203 A.3d 1120, 1123 (Pa.Super. 2019). For purposes of the PCRA, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Courts may consider a PCRA petition filed more than one year after a judgment of sentence has become final only if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke an exception "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). The PCRA's time limits are jurisdictional, and the court may not ignore them to reach the merits of the petition. **Commonwealth v. Murray**, 753 A.2d 201, 203 (Pa. 2000).

Uryc's instant PCRA petition was filed more than seven years after his judgment of sentence became final. Therefore, it is facially untimely, and Uryc was required to plead and prove at least one of the time-bar exceptions. Apart from Uryc's second issue, he fails to address timeliness or raise one of the time-bar exceptions to the PCRA. Thus, Uryc's first, third, fourth, fifth, and sixth issues are time-barred and the PCRA court was without jurisdiction to address those issues on the merits.

In Uryc's second issue, he alleges that his PCRA counsel was ineffective and attempts to assert the newly discovered fact exception to the PCRA time-bar pursuant to section 9545(b)(1)(ii). **See** Uryc's Br. at 12. He argues that our Supreme Court's ruling in **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021),[3] constitutes a "new fact" pursuant to this subsection. **Id.**

_____

[3] In **Bradley**, our Supreme Court extended the opportunity for a PCRA petitioner to raise claims of PCRA counsel's ineffectiveness. Previously, "the
*(Footnote Continued Next Page)*

Uryc's claim is without merit. "[S]ubsequent decisional law does not amount to a new 'fact' under section 9545(b)(1)(ii) of the PCRA." ***Commonwealth v. Watts***, 23 A.3d 980, 987 (Pa. 2011); ***see also Commonwealth v. Cintora***, 69 A.3d 759, 763 (Pa.Super. 2013) (stating "[o]ur Courts have expressly rejected the notion that judicial decisions can be considered newly-discovered facts which would invoke the protections afforded by section 9545(b)(1)(ii)"), *abrogation on other grounds recognized in **Commonwealth v. Lee***, 206 A.3d 1, 3 n.3 (Pa.Super. 2019) (*en banc*). Moreover, unlike the instant case, ***Bradley*** involved a timely first PCRA petition. The instant case involves an untimely third PCRA petition. ***Bradley*** did not create a new, non-statutory exception to the PCRA time-bar. ***See Bradley***, 261 A.3d at 406 (Dougherty, J. concurring) ("Importantly, our decision today does not create an exception to the PCRA's jurisdictional time-bar"). ***Bradley*** affords Uryc no relief.

---

sole method by which a petitioner c[ould] challenge the ineffectiveness of his PCRA counsel [wa]s through the filing of a response to the PCRA court's Rule 907 dismissal notice." 261 A.3d at 386. The ***Bradley*** Court abandoned that approach, holding "that a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." ***Id.*** at 401.

Order affirmed.

Judge King joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/3/2023